## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **REGINA H.,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 2:19-CV-1335-JAR** |
| **ANDREW SAUL, Commissioner of Social Security** | |
| **Defendant.** | |

## MEMORANDUM AND ORDER

This matter is before the Court for review of the final decision of Defendant Commissioner of Social Security denying Plaintiff's application for disability insurance benefits under Title II and supplemental security income benefits under Title XVI of the Social Security Act. Plaintiff alleges that the Administrative Law Judge ("ALJ") erred in determining Plaintiff's residual functioning capacity ("RFC") because it is not supported by substantial evidence. Plaintiff seeks reversal of the ALJ's decision and the grant of those benefits, or alternatively, remand. Having reviewed the record, and as described below, the Court **reverses the order of the Commissioner and remands the case.**

## I.    Procedural History

On December 30, 2016, Plaintiff protectively applied for a period of disability, disability insurance benefits, and supplemental social security income benefits. In both applications, she alleged a disability onset date of March 7, 2012. Plaintiff's applications were denied initially and upon reconsideration. She then asked for a hearing before an ALJ.

At the August 13, 2018 hearing, Plaintiff amended the alleged onset date of her disability to June 24, 2015 upon consultation with her attorney. After the hearing, the ALJ issued a written

decision on October 30, 2018, finding that Plaintiff was not disabled.  Given the unfavorable

result, Plaintiff requested reconsideration of the ALJ's decision from the Appeals Council.

Plaintiff's request for review was denied on October 17, 2019.  Accordingly, the ALJ's October

30, 2018 decision became the final decision of the Commissioner.  Because Plaintiff has

exhausted all administrative remedies available, the Court has jurisdiction to review the decision.

## II.     Standard for Judicial Review

Judicial review under 42 U.S.C. § 405(g) is limited to whether Defendant's decision is

supported by substantial evidence in the record as a whole and whether Defendant applied the

correct legal standards.[1]  The Tenth Circuit has defined "substantial evidence" as "such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion."[2]  In the course

of its review, the court may not re-weigh the evidence or substitute its judgment for that of

Defendant.[3]

## III.    Legal Standards and Analytical Framework

Under the Social Security Act, "disability" means the "inability to engage in any

substantial gainful activity by reason of any medically determinable physical or mental

impairment."[4]  An individual

> shall be determined to be under a disability only if his physical or mental
> impairment or impairments are of such severity that he is not only unable to do
> his previous work but cannot, considering his age, education, and work
> experience, engage in any other kind of substantial gainful work which exists in
> the national economy.[5]

---

[1]*See Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015).

[2]*White v. Barnhart*, 287 F.3d 903, 905 (10th Cir. 2001) (quoting *Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994)).

[3]*Id.*

[4]42 U.S.C. §§ 423(d)(1)(A), 416(i)(1)(a).

[5]*Id*. § 423(d)(2)(A).

Pursuant to the Act, the Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled.[6]  The steps are designed to be followed in order.  If it is determined, at any step of the evaluation process, that the claimant is or is not disabled, further evaluation under a subsequent step is unnecessary.[7]

The first three steps of the sequential evaluation require the Commissioner to assess: (1) whether the claimant has engaged in substantial gainful activity since the onset of the alleged disability, (2) whether the claimant has a severe, or combination of severe, impairments, and (3) whether the severity of those impairments meets or equals a designated list of impairments.[8]  If the impairment does not meet or equal one of these designated impairments, the Commissioner must then determine the claimant's RFC, which is the claimant's ability "to do physical and mental work activities on a sustained basis despite limitations from his impairments."[9]

Upon assessing the claimant's RFC, the Commissioner moves on to steps four and five, which require the Commissioner to determine whether the claimant can either perform her past relevant work or whether she can generally perform other work that exists in the national economy, respectively.[10]  The claimant bears the burden in steps one through four to prove a disability that prevents performance of his past relevant work.[11]  The burden then shifts to the

---

[6]*Wilson v. Astrue*, 602 F.3d 1136, 1139 (10th Cir. 2010); *see also* 20 C.F.R. §§ 404.1520(a), 416.920(a).

[7]*Barkley v. Astrue*, Case No. 09-1163-JTM, 2010 WL 3001753, at *2 (D. Kan. Jul. 28, 2010).

[8]*Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007); *see also Barkley*, 2010 WL 3001753, at *2 (citing *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988)).

[9]*Barkley*, 2010 WL 3001753, at *2 (citing 20 C.F.R. § 416.920(e)); *see also* 20 C.F.R. §§ 404.1520(e), 404.1545.

[10]*Barkley*, 2010 WL 3001753, at *2 (citing *Williams*, 844 F.2d at 751).

[11]*Lax*, 489 F.3d at 1084.

Commissioner at step five to show that, despite the claimant's alleged impairments, the claimant could perform other work in the national economy.[12]

Here, the ALJ determined Plaintiff meets the status requirements of the Social Security Act through December 31, 2017.  She determined at step one that Plaintiff had not engaged in substantial gainful activity since June 24, 2015, the amended alleged disability onset date.  She determined at step two that Plaintiff had the following severe impairments: rheumatoid arthritis, right shoulder bursitis, chronic obstructive pulmonary disease, obesity, major depression, personality disorder, and alcohol abuse disorder.  At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.  Continuing, she determined that Plaintiff had the RFC to

> perform a range of light work as defined in 20 CFR 404.1567(b) and 416.967(b). The claimant can lift, carry, push and/or pull 20 pounds occasionally and 10 pounds frequently, can stand and/or walk in combination for 6 hours in an 8-hour workday with normal breaks, and can sit for 6 hours in an 8-hour workday with normal breaks.  The claimant can occasionally climb ramps and stairs, may not climb ladders, ropes and scaffolds, and can frequently balance and occasionally stoop, kneel, crouch and crawl.  The claimant can frequently reach in front and/or laterally with the right upper extremity.  The claimant can frequently handle and finger with the upper extremities.  The claimant can tolerate no more than occasional exposure to extreme cold, vibration and hazards such as unprotected heights and machinery with exposed moving mechanical parts.  The claimant can perform simple and intermediate tasks involving no more than occasional interaction with the general public with intermediate defined as more than simple and less than complex.[13]

The ALJ determined at step four that Plaintiff was unable to perform any past relevant work.  After considering Plaintiff's age, education, work experience, and RFC, she determined at step five that jobs existed in significant numbers in the national economy that Plaintiff could still

---

[12]*Id.*

[13]Doc. 10 at 24–25.

perform.  Thus, the ALJ concluded that Plaintiff had not been under a disability from June 24, 2015 through the date of her decision.

## IV.  Discussion

Plaintiff challenges two aspects of the ALJ's RFC determination by asserting they are not supported by substantial evidence.  Specifically, Plaintiff asserts (1) the ALJ failed to provide reasons supported by substantial evidence for discounting Plaintiff's testimony about her disabling limitations and (2) the amount of weight the ALJ assigned to Plaintiff's treating physician was not supported by substantial evidence.

### 1.  Plaintiff's Testimony

The Court finds the level of weight the ALJ gave to Plaintiff's testimony regarding her disabling limitations is sufficiently explained and supported by substantial evidence.  Plaintiff testified she has impairments that affect her ability to sit, stand, and walk, and suffers from depression and anxiety, which limit her ability to work.  The ALJ gave some weight to Plaintiff's allegations, to the extent they inform the level of work that Plaintiff can perform despite her symptoms.  The ALJ explained that she did not give Plaintiff's testimony a greater degree of weight because it was unsupported by objective medical evidence.  For example, the ALJ explained that although Plaintiff alleges she is incapable of work given her impaired ability to stand and walk and spends most of her day in bed or sitting, the medical evidence shows she walks without an assistive device, and demonstrated normal reflexes, dorsiflexion, and plantar flexion.  In considering Plaintiff's ability to stand and walk, the ALJ did not, as Plaintiff argues, solely consider Dr. Miller's examination that found Plaintiff exhibited a normal gait to the exclusion of other physicians' exams that noted a slowed gait.

Because the ALJ found Plaintiff's allegations of impairments were inconsistent with medical evidence, the ALJ also considered factors found in Ruling SSR 16-3p and 20 CFR 404.1529(c) and 416.929(c) to assess whether the Plaintiff is nonetheless limited as she alleged. Thus, in addition to medical evidence, the ALJ considered Plaintiff's ability to perform light house work, maintain proper grooming and hygiene, shop, prepare meals, get along with others, and occasionally drive. The ALJ also considered Plaintiff's affect and demeanor, her medication and other treatments to alleviate symptoms, the lack of evidence of specialized mental health care during the relevant period, her ability to handle her own medical care, and her failure to report disabling limitation symptoms to medical care providers.

The ALJ explained that Plaintiff's testimony was given some weight and was considered in her RFC determination. Indeed, the RFC found Plaintiff is capable of only light work and that certain work restrictions are warranted. Accordingly, the ALJ's decision to give some weight to Plaintiff's testimony regarding her disabling limitations is supported by substantial evidence.

## 2.    Treating Physician Opinions

The ALJ failed to provide specific reasons for the weight she assigned to the opinions of Plaintiff's treating physician and, accordingly, this decision is not supported by substantial evidence. Under the version of the regulations applicable to Plaintiff's claim, the ALJ must consider all the medical opinions in the record and discuss the weight assigned to each opinion.[14] To determine the weight to assign a treating source's opinion, the ALJ must follow a two-step

---

[14]*Mays v. Colvin*, 739 F.3d 569, 578 (10th Cir. 2014) (citation omitted); *see also* 20 C.F.R. §§ 404.1527, 416.927.  Different guidelines for weighing evidence now apply to claims filed on or after March 27, 2017.  *See* 20 C.F.R. §§ 404.1520c, 416.920c; *see also McGregor v. Saul*, No. CIV-19-496-SM, 2019 WL 7116110, at *3 (W.D. Okla. Dec. 23, 2019) (noting that "[u]nder the revised regulations, the ALJ gives no specific evidentiary weight to any medical opinions." (internal quotation marks and citations omitted)); *Bills v. Comm'r, SSA*, 748 F. App'x 835, 838 n.1 (10th Cir. 2018) (noting the revised regulations applicable to claims filed on or after March 27, 2017). Plaintiff's claim was filed in 2016 and thus the Court's review is guided by the previous regulations and case law.

inquiry.[15]  At the first step, the ALJ must decide whether to afford the opinion controlling weight.[16]  The ALJ will give controlling weight to a treating source opinion about the nature and severity of impairment only if the opinion is: (1) well-supported by medically acceptable clinical and laboratory diagnostic techniques and (2) consistent with other substantial evidence in claimant's case record.[17]  An opinion that is deficient in either support or consistency with other evidence is not entitled to controlling weight.[18]

If the treating source opinion is not given controlling weight, the inquiry does not end.[19] A treating source opinion is still entitled to deference and must be evaluated according to the factors provided in 20 C.F.R. § 404.1527.[20]  These factors include:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the [source's] opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the [source] is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.[21]

Though the ALJ is not required to discuss all six of these regulatory factors,[22] the ALJ must "give good reasons, tied to the factors specified in the cited regulations . . . for the weight assigned" a treating source opinion.[23]  This analysis must be "sufficiently specific to make clear to any subsequent reviewers the weight [the ALJ] gave to the treating source's medical opinion

---

[15] *Krauser v. Astrue*, 638 F.3d 1324, 1330 (10th Cir. 2011).

[16] *Id.*

[17] 20 C.F.R. § 404.1527(c).

[18] *Krauser*, 638 F.3d at 1330.

[19] *Id.*

[20] *Id.* at 1330–31.

[21] *Id.* at 1331; *see also* 20 C.F.R. § 404.1527(c)(1)–(6).

[22] *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007).

[23] *Krauser*, 638 F.3d at 1330 (citation omitted).

and the reason for that weight."[24]   And if the ALJ rejects a treating source's opinion, she "must articulate specific, legitimate reasons for [her] decision."[25]

Here, the ALJ stated that the 2015 and 2018 opinions of Plaintiff's treating physician, Dr. Shana Jarmer, were given "partial weight" overall.  She specified "great weight" was given to the portion of the 2018 opinion that Plaintiff can lift 20 pounds occasionally and 10 pounds frequently.  The ALJ stated that "little weight" was given to the portions of the 2018 opinion regarding Plaintiff's limited sitting and standing tolerances, her need for frequent breaks, that she would be off-task at work 25 percent of the day, and that she would be absent from work more than four days each month.  Further, the ALJ specified she assigned "limited weight" to the portions of the 2015 Jarmer opinion that Plaintiff can only stand two hours a day, can stand only five minutes at a time, can lift ten pounds, has difficulty dealing with the public, requires frequent breaks, and that her impairments of rheumatoid arthritis, depression and personality disorder prevent gainful employment.  Finally, the ALJ gave "some weight" to portions of the 2015 Jarmer opinion that Plaintiff's mental impairments reduce her capacity to interact with the public.

The ALJ did not, however, give reasons tied to the specific factors listed above in assigning varying degrees of limited weight to different portions of the Jarmer opinions.  In assigning weight to the opinions, the ALJ only described her consideration of the opinions of state agency consultants and other, unspecified "evidence of record."[26]  Additionally, the ALJ

---

[24]*Id.* at 1331 (quoting *Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004)).

[25]*Cowan v. Astrue*, 552 F.3d 1182, 1188 (10th Cir. 2008) (citation omitted).

[26]Doc. 10 at 28–29.

reasoned portions of the 2015 Jarmer opinion received "limited weight" because "the opinion of disability is reserved to the Commissioner."[27]

The ALJ's reasons for assigning the Jarmer opinions a reduced level of weight are not "sufficiently specific to make clear . . . the reason for that weight."[28]  Although the ALJ is not required to discuss each of the six factors outlined above to determine the level of deference given to a treating physician, the ALJ provided little reasoning regarding the degree of weight assigned to various portions of the opinions.  The ALJ considered whether the Jarmer opinions were consistent with the record as a whole, but she did not consider the nature of the physician-patient relationship between Jarmer and Plaintiff which comprises two of the six relevant factors; she did not consider the length of the relationship, depth of examinations, and extent of treatments.  And, although the ALJ stated she considered consistency with other evidence of record generally, she seldom pointed to particular portions of the record to make clear why a reduction in the treating physician's weight was warranted.  While reasons for reducing the weight assigned to the Jarmer opinions may exist, the ALJ did not sufficiently specify those reasons to make them clear to the reviewing court.

Further, the ALJ's statement that the 2015 Jarmer opinion was given "limited weight" because "the opinion of disability is reserved to the Commissioner" is an insufficient reason to discount medical opinion evidence.  The 2015 opinion includes statements that Plaintiff can only work two hours each day, can stand for just five minutes at a time and sit for up to one hour. Although portions of the 2015 opinion touch on the ultimate issue of disability reserved for the

---

[27]*Id.* at 29.

[28]*Krauser*, 638 F.3d at 1330 (quoting *Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004)).

Commissioner, other portions contain medical opinions that cannot be assigned "limited weight" without more explanation.

   None of the Commissioner's arguments that the ALJ provided sufficiently specific reasons for reducing the weight assigned to the Jarmer opinions are persuasive.  The Court rejects the Commissioner's argument that the ALJ opinion provides adequate reasoning if read as "an inclusive whole."  Although the ALJ discussed detailed medical evidence prior to discussing the Jarmer opinions, this does not substitute for the articulation of specific reasons for assigning the treating opinions reduced weight.  The Commissioner's argument that the unpublished decision *Endriss v. Astrue,*[29] does not require an ALJ to recite evidence discussed previously in her decision when later rejecting a physician's opinion does not apply here.  In *Endriss*, the Tenth Circuit found the ALJ who recited medical evidence in discrediting a physician's opinion was not required to reiterate that medical evidence in discrediting a second physician's opinion when the opinions were "virtually identical."[30]  Here, although the ALJ recited medical evidence in an earlier portion of her decision, it was not clearly linked to her rationale for discrediting portions of the Jarmer opinions.  Unlike *Endriss*, this case does not involve two identical physicians' opinions to which the ALJ can apply one reasoning to discredit both.  Instead, the ALJ in this case did not provide a clear link between a previous recitation of medical evidence and the reasons that evidence served to discount the Jarmer opinions such that those reasons are clear to the reviewing Court.

   The Court also rejects the Commissioner's argument that the ALJ's reference to Jarmer as Plaintiff's "treating physician" qualifies as discussion about the nature and extent of the

---

[29]506 F. App'x 772 (10th Cir. 2012).

[30]*Id.* at 776.

treatment relationship because this label does not contemplate the length of the physician-patient relationship, frequency of examinations, or depth of examinations and treatments.

Finally, the Court rejects the Commissioner's suggestion that the discounted weight assigned to the Jarmer opinions is justified by the ALJ's decision not to fully accept the opinions of state agency doctors; weight assigned to agency doctors is not subject to the same deference afforded to treating physicians as outlined above.  And, discounting the opinions of state agency doctors does not substitute for an explanation of reduced weight assigned to a treating physician.

Although the ALJ is not required to formally and exhaustively review all the factors concerning the weight given to a treating physician's medical opinion, the ALJ's opinion should provide for meaningful review.  Here, it does not.  Thus, the Court finds that the weight the ALJ assigned to the treating physician's opinions is not sufficiently specific and not supported by substantial evidence.

## V.    Conclusion

In sum, the ALJ's decision to discount Plaintiff's testimony regarding her disabling limitations is supported by substantial evidence.  However, the ALJ did not provide sufficient reasoning for assigning limited weight to the opinions of Plaintiff's treating physician.

In some cases, an immediate award of benefits is appropriate.[31]  However, "remand is more appropriate when the administrative record has not been fully developed, or where the ALJ makes minimal findings that are not supported by adequate evaluation of the evidence in the record."[32]  Here, the Court cannot conclusively determine that the ALJ erred in her RFC assessment.  Rather, the Court finds that the evidence and reasons set forth in the ALJ's opinion

---

[31]*See Williams v. Bowen*, 844 F.2d 748, 760 (10th Cir. 1988).

[32]*Higgins v. Barnhart*, 294 F. Supp. 2d 1206, 1215 (D. Kan. 2003) (citing *Taylor v. Callahan*, 969 F. Supp. 664, 673 (D. Kan. 1997)).

do not allow for meaningful review of the RFC.  Therefore, the Court concludes that it is more appropriate to reverse and remand.  Upon remand, the ALJ should adequately discuss the evidence relating to Plaintiff's RFC, particularly with regard to the degree of weight assigned to the opinions of Plaintiff's treating physician.

**IT IS THEREFORE ORDERED** that the judgment of the Commissioner is **reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g)** for further proceedings consistent with this memorandum and order.

**IT IS SO ORDERED.**

Dated: July 22, 2020

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE